# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### NORTHWESTERN DIVISION

| | | | |
|---|---|---|---|
| David Houle and Becky Houle, et. al., | | ) | |
| | | ) | **ORDER GRANTING IN PART** |
| | Plaintiffs, | ) | **AND DENYING IN PART THE** |
| | | ) | **GOVERNMENT'S MOTION TO** |
| vs. | | ) | **STAY AND CONSOLIDATE** |
| | | ) | |
| Central Power Electric Cooperative, Inc., | | ) | |
| (CPEC), et. al., | | ) | Case No. 4:09-cv-021 |
| | | ) | |
| | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-055 |
| Cecil L. Jeannotte, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-061 |
| Corey J. Hall, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-073 |
| Cecil L. Jeannotte, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-076 |
| Howard Longie, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-077 |
| Est of Marie M. Jeanotte, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-078 |
| Donna M. Anderson, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-084 |
| Pete Barnett, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-098 |
| John E. Monette, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-100 |
| Ophelia Dixon Navarro, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:11-cv-101 |
| Kimberly Blackwell, et. al., | Defendants. | ) | |
| CPEC v. | Plaintiff, | ) | Case No. 4:12-cv-004 |
| Dustin Decoteau, et. al., | Defendants. | ) | |

Before the court is a motion by United States seeking to consolidate twelve cases in which

Central Power Cooperative has asserted claims for condemnation of easements for a 69 kV high-

voltage power line. The 69 kv line crosses a portion of the Turtle Mountain Indian Reservation and

has already been constructed by Central Power.  The affected parcels of land are Indian allotments that are held by the United States in trust for the individual Indian allottees.

The first action that was commenced was Houle  v. Central Power, Case No. 4:09-cv-021 ("Houle"), in which the Houles sued Central Power for declaratory relief, injunctive relief, and trespass. Central Power moved to dismiss the action.  When that motion failed, Central Power counterclaimed for condemnation and named the United States as an additional party defendant to the counterclaim.

The Houles oppose Central Power's effort to condemn their property.  They want the power line removed and damages for the trespass.  They argue that state law governs the condemnation process by virtue of 25 U.S.C. § 357 and that, as a consequence, they have the right to contest the issues of  "use and necessity," *i.e.*, whether Central Power should be entitled to maintain the power line in its location as built or whether it should be required to remove the line.

Central Power initiated all of the other actions, suing both the United States and the Indian allotment owners for condemnation.  In some of these cases, the Indian allottees have appeared and filed counterclaims seeking the same relief as the Houles. However, in several of these cases, the Indian allottees have not answered.  The United States has appeared in all of the actions as the fee owner of the property and trustee for the beneficial interests of the allottees.

The court has set trial dates and established scheduling deadlines in at least two of the  cases, including setting a separate court trial on the issues of use and necessity beginning on November 13, 2012.  During the scheduling conferences in these cases, the court stated the trial on the issues of "use and necessity" would be a joint trial for all of the cases and that the court would enter an appropriate order once all of the cases that Central Power intended to bring were filed.  In addition,

the court stated it would set a July 1, 2012, deadline for filing briefs on the issue of whether those contesting the issues of "use and necessity" had the right to do so.

In addition to moving to consolidate the cases, the United States wants to stay all proceedings, except for those directly related to resolving the issues of "use and necessity." In other words, discovery on the just compensation and trespass issues would be postponed until the issues of "use and necessity" are resolved, which could delay resolution of the cases for upwards of a year or more given the number of cases.

Central Power has filed a response to the motion to consolidate and stay. Central Power does not oppose a joint trial on the issue of "use and necessity," if one is needed, but it does oppose a complete consolidation of the actions. It also opposes staying the actions pending resolution of the "use and necessity" issue.

The court had indicated earlier that it would order that a joint trial be held on the issues of "use and necessity" and will now so formally order. For purposes of any filings related to that issue, the parties may use a joint caption similar to the one that is used for this order, but, absent further direction from the court, the filings should be made electronically in each of the cases where the issues of "use and necessity" have been raised and may be filed in all of the actions.[1]

Beyond ordering a joint trial on the issues of "use and necessity," further consolidation is neither necessary or warranted. While it may make sense to try several of the cases together in groups, the decision whether that should be done can be addressed later as the cases more fully

---

[1] Central Power has filed two additional cases in which the parties have not all appeared. The court will issue a similar order for limited consolidation and briefing in those cases once the parties have all appeared.

develop.  Further, there may be cases, like Houle, that may best be tried separately, and, as things

stand now stand, Houle has a separate trial date.

The court also believes that staying all proceedings, except those related to resolving the

issues of "use and necessity," is likewise unwarranted.  First, it is not at all clear that the Indian

allottees can contest the issue.  Second, even if they can, they likely will have an uphill battle as a

practical matter.  Third, staying all proceedings, including discovery, will unduly prolong these cases

- perhaps by an additional year or more given the number of cases and the fact that these are not the

only cases the court needs to resolve.  Fourth, not all of the cases will be tried at once.  As it now

stands, only a few of the cases have been scheduled for trial, so there will be a gap of time for a

number of cases from the date presently set for the court trial on the issue of "use and necessity" and

the trial of the remainder of the cases.

Based on the foregoing, the motion of the United States is **GRANTED IN PART** and

**DENIED IN PART** as follows:

1       The above captioned cases are consolidated for the limited purposes of briefing and

        conducting a joint trial on the issues of "use and necessity" as well as for briefing of

        issues that are common to all of the  cases that the court may identify.  The parties

        may use a joint caption for such purposes, but, absent further direction from the

        court, the pleadings shall be filed electronically in all cases in which the pleadings

        apply.

2.      In all of the cases where the issues of "use and necessity" are an issue or where the

        parties otherwise contest the right of Central Power to maintain its 69 kV line on

        their property, the parties shall have until July 1, 2012, to file a brief on the issue of

whether or not the court may consider these issues.  If the court decides that a trial is necessary on the issues of "use and necessity" and the right of Central Power to maintain its line in the location where it has been constructed, a joint court trial will be conducted on those issues beginning on November 13, 2013, at 9:30 a.m. at the United States Courthouse in Bismarck, North Dakota.  Currently, five days have been set aside for the trial.

3.      In addition, the court has identified another common issue that the parties should submit a brief with respect to on or before July 1, 2012.  The issue is whether 25 U.S.C. § 357 has been superseded by the provisions of Fed. R. Civ. P. 71.1 with respect to the incorporation of state law.  A number of courts have ruled in other contexts that federal statutes incorporating state condemnation procedures have been superseded. E.g., 26 East Tennessee Natural Gas Co. v. Groforth, 361 F.3d 814, 822 (4th Cir. 2004).

4.      The remainder of the motion of the United States for consolidation and stay is denied.

**IT IS SO ORDERED**.

Dated this 29th day of February, 2012.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge